# UNITED STATES BANKRUPTCY COURT
## _____ DISTRICT OF VIRGINIA
### _____ Division

## CHAPTER 13 PLAN
## AND RELATED MOTIONS

Name of Debtor(s):                               Case No:

This plan, dated _____, is:

☐ the *first* Chapter 13 plan filed in this case.

☐ a modified plan, which replaces the plan dated _____

    Date and Time of <u>Modified Plan</u> Confirmation Hearing:
    _____
    Place of <u>Modified Plan</u> Confirmation Hearing:
    _____

The plan provisions modified by this filing are:

Creditors affected by this modification are:

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than ten (10) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

    Total Assets:
    Total Non-Priority Unsecured Debt:
    Total Priority Debt:
    Total Secured Debt:

1. **Funding of Plan.**  The debtor(s) propose to pay the trustee the sum of $_____ per _____ for _____ months.  Other payments to the Trustee are as follows: _____.  The total amount to be paid into the plan is $_____.

2. **Priority Creditors.**  The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

   A. **Administrative Claims under 11 U.S.C. § 1326.**

   1. The Trustee will be paid 10% of all sums disbursed except for funds returned to the debtor(s).
   2. Debtor(s)' attorney will be paid $_____ balance due of the total fee of $_____ concurrently with or prior to the payments to remaining creditors.

   B. **Claims under 11 U.S.C. §507.**

   The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
|  |  |  |  |

3. **Secured Creditors and Motions to Value Collateral.**

   This paragraph provides for claims of creditors who hold debts that are secured by real or personal property of the debtor(s) but (a) are not secured solely by the debtor(s)' principal residence and (b) do not have a remaining term longer than the length of this plan.

   A. **Claims to Which § 506 Valuation is NOT Applicable.**  Claims listed in this subsection consist of debts secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor for which the debt was incurred within 910 days of the filing of the bankruptcy petition, or if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing.  *See* § 1325(a)(5).  After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e).  **Upon confirmation of the plan, the interest rate shown below will be binding unless a timely written objection to confirmation is filed and sustained by the Court.**  Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Est Claim Amt | (e) Interest Rate | (f) Monthly Paymt & Estimate Term** |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

   B. **Claims to Which §506 Valuation is Applicable.**  Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 3.A.  After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e).  The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim.  **Upon confirmation of the plan, the valuation and interest rate shown below will be binding unless a timely written**

**objection to confirmation is filed and sustained by the Court**. Payments distributed by the Trustee are subject to the availability of funds.

| (a) | (b) | (c) | (d) | (e) | (f) |
|---|---|---|---|---|---|
| Creditor | Collateral | Purchase Date | Replacement Value | Interest Rate | Monthly Paymt & Estimate Term** |

**** THE MONTHLY PAYMENT STATED HERE SHALL BE THE ADEQUATE PROTECTION PAYMENTS PURSUANT TO 1326(a)(1)(C) TO THESE CREDITORS UNLESS OTHERWISE PROVIDED IN PARAGRAPH 11 OR BY SEPARATE ORDER OF THE COURT.**

    **C.**     **Collateral to be surrendered.** Upon confirmation of the plan, or before, the debtor will surrender his or her interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled shall be paid as a non-priority unsecured claim. The order confirming the plan shall have the effect of terminating the automatic stay as to the collateral surrendered.

| Creditor | Collateral Description | Estimated Total Claim | Full Satisfaction (Y/N) |
|---|---|---|---|

**4.**     **Unsecured Claims.**

    **A.**     **Not separately classified**. Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately _____ %. If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately _____ %.

    **B.**     **Separately classified unsecured claims**.

| Creditor | Basis for Classification | Treatment |
|---|---|---|

**5.**     **Long Term Debts and Claims Secured by the Debtor(s)' Primary Residence.**

Creditors listed below are either secured by the debtor(s)' principal residence or hold a debt the term of which extends beyond the term of this plan.

    **A.**     **Debtor(s) to pay claim directly**. The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|

B. **Trustee to pay the contract payments and the arrearages**. The creditors listed below will be paid by the Trustee the regular contract monthly payments during the term of this plan. The arrearage claims, if any, will be cured by the Trustee by payments made either pro rata with other secured claims or by fixed monthly payments as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly payment |
|---|---|---|---|---|---|---|
| | | | | | | |

6. **Executory Contracts and Unexpired Leases.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

   A. **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| | |

   B. **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for arrears | Estimated cure period |
|---|---|---|---|---|
| | | | | |

7. **Motions to Avoid Liens.**

   A. **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f)**. The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis | Exemption amount | Value of Collateral |
|---|---|---|---|---|
| | | | | |

   B. **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f)**. The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |

8. **Treatment of Claims.**

   - All creditors must timely file a proof of claim to receive payment from the Trustee.
   - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   - If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.

9. **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, or encumber real property without approval of the court.

10. **Incurrence of indebtedness.** During the term of the plan, the debtor(s) shall not voluntarily incur additional indebtedness in an amount exceeding $5,000 without approval of the court.

11. **Other provisions of this plan:**

**Signatures:**

Dated: _____

_____       _____
**Debtor**                            **Debtor's Attorney**

_____
**Joint Debtor**


**Exhibits:**   Copy of Debtor(s)' Budget (Schedules I and J);
Matrix of Parties Served with plan

Certificate of Service

    I certify that on _____, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

                                                        _____
                                                        Signature

                                                        _____
                                                        Address

                                                        _____

                                                        _____
                                                        Telephone No.

B6I (Official Form 6I) (12/07)

In re **George Pappas**  
     **Coleen Pappas**

Case No. _____  
             (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | Dependents of Debtor and Spouse | |
|---|---|---|
| **Married** | Relationship(s): Step-Daughter  Age(s): 11 | Relationship(s):      Age(s): |

| **Employment:** | Debtor | Spouse |
|---|---|---|
| Occupation | | |
| Name of Employer | Presidium, Inc. | Clifton Childrens |
| How Long Employed | 1 Week | 2 Years |
| Address of Employer | Reston, VA | Centreville, VA |

| INCOME: (Estimate of average or projected monthly income at time case filed) | **DEBTOR** | **SPOUSE** |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $16,666.67 | $1,800.17 |
| 2. Estimate monthly overtime | $0.00 | $0.00 |
| 3. SUBTOTAL | **$16,666.67** | **$1,800.17** |
| 4. LESS PAYROLL DEDUCTIONS | | |
|   a. Payroll taxes (includes social security tax if b. is zero) | $3,543.43 | $137.00 |
|   b. Social Security Tax | $920.12 | $164.61 |
|   c. Medicare | $215.19 | $0.00 |
|   d. Insurance | $244.01 | $0.00 |
|   e. Union dues | $0.00 | $0.00 |
|   f. Retirement  401(k) | $998.83 | $0.00 |
|   g. Other (Specify)  Health Flex Spending Acct | $583.33 | $0.00 |
|   h. Other (Specify) | $0.00 | $0.00 |
|   i. Other (Specify) | $0.00 | $0.00 |
|   j. Other (Specify) | $0.00 | $0.00 |
|   k. Other (Specify) | $0.00 | $0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | **$6,504.91** | **$301.61** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | **$10,161.76** | **$1,498.56** |
| 7. Regular income from operation of business or profession or farm (Attach detailed stmt) | $250.00 | $0.00 |
| 8. Income from real property | $0.00 | $0.00 |
| 9. Interest and dividends | $0.00 | $0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $0.00 | $400.00 |
| 11. Social security or government assistance (Specify): | $0.00 | $0.00 |
| 12. Pension or retirement income | $0.00 | $0.00 |
| 13. Other monthly income (Specify): | | |
|   a. | $0.00 | $0.00 |
|   b. | $0.00 | $0.00 |
|   c. | $0.00 | $0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | **$250.00** | **$400.00** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | **$10,411.76** | **$1,898.56** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | **$12,310.32** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**Non-Filing Spouse's ex-husband has filed a motion to have his child support reduced so this income may be dropping.**

B6J (Official Form 6J) (12/07)

IN RE: **George Pappas**
**Coleen Pappas**

Case No. _____
(if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $3,649.00 |
|     a. Are real estate taxes included? ☒ Yes ☐ No | |
|     b. Is property insurance included? ☒ Yes ☐ No | |
| 2. Utilities: a. Electricity and heating fuel | $475.00 |
|           b. Water and sewer | $75.00 |
|           c. Telephone | $418.00 |
|           d. Other: Cable/Internet | $163.00 |
| 3. Home maintenance (repairs and upkeep) | $375.00 |
| 4. Food | $1,047.00 |
| 5. Clothing | $250.00 |
| 6. Laundry and dry cleaning | $192.00 |
| 7. Medical and dental expenses | $200.00 |
| 8. Transportation (not including car payments) | $845.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $100.00 |
| 10. Charitable contributions | $200.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|         a. Homeowner's or renter's | |
|         b. Life | $118.00 |
|         c. Health | |
|         d. Auto | $200.00 |
|         e. Other: Disability | $142.14 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) Specify: Car Tax | $35.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|         a. Auto: | |
|         b. Other: HOA | $51.00 |
|         c. Other: | |
|         d. Other: | |
| 14. Alimony, maintenance, and support paid to others: Catherine E. Pappas | $2,500.00 |
| 15. Payments for support of add'l dependents not living at your home: | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | |
| 17.a. Other: Kids' Activities | $275.00 |
| 17.b. Other: Hair | $150.00 |
| **18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | **$11,460.14** |
| 19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: **None.** | |
| 20. STATEMENT OF MONTHLY NET INCOME | |
| a. Average monthly income from Line 15 of Schedule I | $12,310.32 |
| b. Average monthly expenses from Line 18 above | $11,460.14 |
| c. Monthly net income (a. minus b.) | $850.18 |

| Debtor(s): **George Pappas**  **Coleen Pappas** | Case No:  Chapter: **13** | **EASTERN DISTRICT OF VIRGINIA**  **ALEXANDRIA DIVISION** |
|---|---|---|

AMEX
3499910517438213
P.O. Box 297812
Ft. Lauderdale, FL 33329

Coleen Pappas
PO Box 2354
Centreville, VA 20121

Transunion
P.O. Box 1000
Chester, PA 19022

AMEX
3499911627586193
P.O. Box 297812
Ft. Lauderdale, FL 33329

Countrywide Home Loans/Bank of A
0044417947
450 American Street #SV18209
Simi Valley, CA 93065

UNVL/Citi
xxxxxxxx7121
P.O. Box 6241
Sioux Falls, SD 57117

AMEX
3499915859355543
P.O. Box 297812
Ft. Lauderdale, FL 33329

Countrywide Home Loans/Bank of A
0044417947
450 American Street #SV416
Simi Valley, CA 93065

Bank of America
426429258582
PO Box 17054
Wilmington, DE 19884

Countrywide/Bank of America
c/o CT Corporation System, Reg.
4701 Cox Rd., Ste. 301
Glen Allen, VA 23060

Bank of America
549035581359
PO Box 17054
Wilmington, DE 19884

Equifax
P.O. Box 105873
Atlanta, GA 30348

Bank of America
549035660895
PO Box 17054
Wilmington, DE 19884

Experian
P.O. Box 2104
Allen, TX 75013

BB&T
xxxxxxx5364
P.O. Box 1847
Wilson, NC 27894

George Pappas
PO Box 2354
Centreville, VA 20121

BB&T c/o CT Corporation System,
4701 Cox Rd., Ste. 301
Glen Allen, VA 23060

Navy Federal Credit Union
403216000029
PO Box 3503
Merrifield, VA 22119

Catherine E. Pappas
8028 Kidwell Hill Court
Vienna, VA 22182

North Hart Run HOA
614260
c/o Sequoia Management
PO Box 18003
Ashburn, VA 20146-2503

Citi
542418102483
P.O. Box 6241
Sioux Falls, SD 57117

Shoun, Bach, Walinsky & Curran
12700 Fair Lakes Cir, Ste. 300
Fairfax, VA 22033

UNITED STATES BANKRUPTCY COURT
_____EASTERN_____ DISTRICT OF VIRGINIA
_____Alexandria_____ Division

In re:
George Pappas

Coleen Pappas
       Debtor(s)

Case No. 09-20313-SSM

Chapter 13

## SPECIAL NOTICE TO SECURED CREDITOR

To:   Countrywide/Bank of America  , Attn:   CT Corporation System, Reg. Agent
      *Name of creditor*
      14260 Stone Chase Way, Centreville, VA
      *Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   [ ]     To value your collateral. ***See Section 3 of the plan.*** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   [✓]     To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. ***See Section 7 of the plan.*** All or a portion of the amount you are owed will be treated as an unsecured claim.

2. ***You should read the attached plan carefully for the details of how your claim is treated.*** The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due: February 17, 2010
Date and time of confirmation hearing: February 24, 2010, at 1:30 p.m.
Place of confirmation hearing: 200 S. Washington St., Alexandria, VA

George and Coleen Pappas
*Name(s) of debtor(s)*

By: /s/Klinette H. Kindred
*Signature*

[✓] Debtor(s)' Attorney
[ ] Pro se debtor

Klinette H. Kindred
_____
*Name of attorney for debtor(s)*
311 N. Washington St., 3rd Floor
_____
*Address of attorney [or pro se debtor]*
Alexandria, VA 22314
_____

Tel. #   703 518 8811
Fax #   703 656 4976

CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

( ✓ ) first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

(   ) certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this __18th__ day of __December__ , 200_9_ .

/s/Klinette H. Kindred
_____
*Signature of attorney for debtor(s)*

Ver. 06/17/05

UNITED STATES BANKRUPTCY COURT
_____EASTERN_____ DISTRICT OF VIRGINIA
_____Alexandria_____ Division

In re:
George Pappas

Coleen Pappas
       Debtor(s)

Case No. 09-20313-SSM

Chapter 13

## SPECIAL NOTICE TO SECURED CREDITOR

To: __BB&T_____, Attn: __CT Corporation System, Reg. Agent__
    *Name of creditor*
__2004 Nissan_____
*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   [✓]    To value your collateral. ***See Section 3 of the plan.*** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   [ ]    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. ***See Section 7 of the plan.*** All or a portion of the amount you are owed will be treated as an unsecured claim.

2. ***You should read the attached plan carefully for the details of how your claim is treated.*** The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due: February 17, 2010
Date and time of confirmation hearing: February 24, 2010, at 1:30 p.m.
Place of confirmation hearing: 200 S. Washington St., Alexandria, VA

George and Coleen Pappas
*Name(s) of debtor(s)*

By: /s/Klinette H. Kindred
    *Signature*

[✓] Debtor(s)' Attorney
[ ] Pro se debtor

Klinette H. Kindred
_____
*Name of attorney for debtor(s)*
311 N. Washington St., 3rd Floor
_____
*Address of attorney [or pro se debtor]*
Alexandria, VA 22314
_____

Tel. #   703 518 8811
Fax #   703 656 4976

CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

( ✓ ) first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

(   ) certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this __18th__ day of __December__, 200_9_.

/s/Klinette H. Kindred
_____
*Signature of attorney for debtor(s)*

Ver. 06/17/05